UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY QUINN GIBSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-1422-JMS-MG |
| | ) | |
| CENTURION HEALTH OF INDIANA/ | ) | |
| MHM SERVICES, INC., STEPHANIE DORETHY, | ) | |
| and JACKIE CARR, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ENTRY**

*Pro se* plaintiff Anthony Gibson submitted a letter to the Court, [Filing No. 10], titled "Reconsideration for Age Discrimination Claim."  The letter is in response to the Court's Entry Granting Motion for Leave to Proceed *In Forma Pauperis*, Screening Complaint, and Directing Service of Process, [Filing No. 8].

At the outset, the Court cautions Mr. Gibson that, in order to trigger action by the Court, he must file a motion.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.")  A letter is inappropriate as it is not a motion that the Court can rule on.

In the screening portion of the Entry, the Court dismissed Mr. Gibson's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").  [Filing No. 8 at 8-9.]  As to ADEA claims against the individual defendants, Ms. Dorethy and Ms. Carr, the Court explained that the ADEA does not provide for individual liability and thus dismissed Mr. Gibson's ADEA claims against them with prejudice.  [Filing No. 8 at 13.]  The Court found that dismissal with prejudice was appropriate because Mr. Gibson would not be able to cure the deficiency since the ADEA does not provide for individual liability.  [Filing No. 8 at 13.]

1

As to ADEA claims against Centurion Health of Indiana/MHM Services, Inc., ("Centurion"), the Court explained that Mr. Gibson did not meet the standard of Federal Rule of Civil Procedure 12(b)(6) because, "despite checking the box that he was discriminated against based on his age and indicating his birth year, Mr. Gibson [did] not allege [in his Complaint] that any of the actions taken against him were due to his age." [Filing No. 8 at 9.]  The Court noted that "[h]is age is not mentioned once in the factual allegations portion of the Complaint." [Filing No. 8 at 9.]  In short, Mr. Gibson indicated that he was pursuing an ADEA claim yet failed to include any facts that his age was a reason for Centurion's alleged discriminatory acts.  Accordingly, the Court concluded that Mr. Gibson failed to state a claim for age discrimination and dismissed his claims against Centurion without prejudice, thus giving Mr. Gibson the option to cure the deficiency.  [Filing No. 8 at 13.]

In his letter, Mr. Gibson urges the Court to reconsider dismissing his "age discrimination claim with prejudice against [his] employer and other conspirators." [Filing No. 10 at 1 (internal quotation omitted).]  In support, he argues that he checked the box for age discrimination when he filed his complaint with the Equal Employment Opportunity Commission but "didn't expound on age much due to trying to reveal [his] employer and conspirator's workplace harassment, retaliation, and discriminatory practices." [Filing No. 10 at 1.]  Mr. Gibson included a picture of his Complaint with the marked check box for age discrimination highlighted.  [Filing No. 10 at 1.]  He argues that the evidence of age discrimination is found in discriminatory remarks, "preferential treatment toward younger employees, and a significant age disparity between [him] and the individuals involved." [Filing No. 10 at 1.]  He also states that he "was one of the two oldest employees working at [his] site," and that "several months" after he was terminated, "the other oldest employee was terminated." [Filing No. 10 at 1.]

2

Yet none of these factual allegations were included in his Complaint. Checking the box indicating an ADEA claim is not enough to state a claim—there must be factual allegations to support the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the Court is not reconsidering its decision as to the dismissal of Mr. Gibson's ADEA claims.

But since the Court dismissed Mr. Gibson's ADEA claims against Centurion without prejudice, if Mr. Gibson wishes to address the pleading deficiency by adding in the factual allegations of age discrimination that he included in his letter, he may file an amended complaint doing so. The filing of a complaint is the only means by which to commence a civil action in federal court. *In re Allied Signal Corp.*, 915 F.2d 190, 192 (6th Cir. 1990) ("an action is commenced with the filing of a complaint rather than a motion"); James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 3.02[1] (3d ed. 2000) ("an action is not commenced by . . . filing a motion with the court"). Correspondence directed to the Court does not constitute a complaint, and the Court will not cobble together multiple documents for Mr. Gibson to sufficiently state an ADEA claim against Centurion. If Mr. Gibson chooses to file an amended complaint, he shall be guided by the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Court notes, however, that only the ADEA claims against Centurion were dismissed without prejudice. The ADEA claims against Ms. Dorethy and Ms. Carr were dismissed with prejudice because neither individual can be sued under the ADEA as explained above. Mr. Gibson's request for reconsideration does not change the fact that the ADEA does not provide for individual liability. Thus, the Court cautions that if Mr. Gibson files an amended complaint, he shall seek only to include ADEA claim(s) against Centurion.

Mr. Gibson shall have through **October 27, 2023**, to file an amended complaint that includes the claims that the Court determined shall proceed from Filing No. 8 plus other claims that he believes he has, yet were dismissed without prejudice from the same.  Otherwise, Filing No. 8 will remain operative as to the claims that remain in the case.

Date: 9/29/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Anthony Quinn Gibson
619 Chambord Drive
Brandon, MS 39042

Centurion Health of Indiana/MHM Services, Inc.
c/o CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

Stephanie Dorethy
550 N. Meridian Street, 1st Floor
Indianapolis, IN 46204

Jackie Carr
550 N. Meridian Street, 1st Floor
Indianapolis, IN 46204

4